IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| RANDY LEE MATHES ) | CASE NO: 16-06539-CMW-13 |
| STEPHANIE NICHOLE MATHES ) | CHAPTER 13 |
| 39 THOMPSON LANE ) | JUDGE WALKER |
| HARTSVILLE, TN 37074 ) | |
| SSN: XXX-XX-3338/5328 ) | |
|         Debtors. ) | ) |

### AGREED ORDER GRANTING MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK/INSOLVE AUTO FUNDING AS A LONG-TERM CLAIM PURSUANT TO § 1322(b)(5)

This cause having been heard on the 13th day of December 2017, and as evidenced by the signatures of the representatives of the parties entered below, respectively, it is hereby agreed that the Debtor's Motion Modify Chapter 13 Plan to include Inland Banking shall be resolved as follows:

1. The Debtor shall be permitted to modify her Chapter 13 plan to provide for claim of Inland Bank/InSolve Auto Funding as a long-term claim per 11 U.S.C. § 1322(b)(5).

1. The amount to be financed through Inland Bank/InSolve Auto Funding shall be $13,422.27 at a rate of 22%, to be paid by the Chapter 13 Trustee with an ongoing payment of $370.79, beginning November 17, 2017

2. Inland Bank/InSolve Auto Funding shall be paid as a Class 3 creditor upon the filing of an approved Proof of Claim.

3. The Debtor shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee.

4. The Debtor shall waive discharge of this post-petition debt to Inland Bank/InSolve Auto Funding. The monthly payments to Inland Bank/InSolve Auto Funding shall be disbursed with all other Class 3 claims.

5. Inland Bank/InSolve Auto Funding's claim for post-petition financing shall be a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge.

6. This claim of Inland Bank/InSolve Auto Funding shall be treated by the Trustee as a long-term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Inland Bank.

7. The Debtor's obligation to Inland Bank/InSolve Auto Funding is a secured obligation and shall be paid directly by the debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and Inland Bank/InSolve Auto Funding.

8. Should the Debtor default on the plan payments or insurance, Inland Bank/InSolve Auto Funding shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank/InSolve Auto Funding may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

9. The Debtor's plan payment shall increase to $198.47 weekly for Debtor 1 and $276.26 semi-monthly for Debtor 2.

10. The dividend to general unsecured creditors shall remain at 20%.

11. The new base shall be $86,400.00

12. No other terms of the confirmation order shall be affected by this modification.

**IT IS SO ORDERED.**

*This order was electronically signed and entered as indicated at the top of the first page.*

APPROVED FOR ENTRY:


*/s/ Jodie Thresher*
JODIE THRESHER, #025730
Clark & Washington, LLC
Attorneys for Debtor(s)
237 French Landing Drive
Nashville, TN  37228
615-251-9782; Fax: 615-251-8919
Email: jthresher@cw13.com

/s/ /s/ Henry E. Hildebrand, III

HENRY E. HILDEBRAND, III
Chapter 13 Trustee
P.O.Box 340019
Nashville, TN 37203
615-244-1101; Fax:615-242-3241
aoecf@ch13nsh.com

Digitally signed by /s/ Henry E. Hildebrand, III
DN: cn=/s/ Henry E. Hildebrand, III, o=Chapter 13 Trustee's Office, ou=Finance (51), email=pleadings@ch13nsh.com, c=US
Date: 2017.12.14 16:05:36 -06'00'